UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN MOSLEY, an individual,<br><br>                            Plaintiff,<br><br>v.<br><br>CARLOS DEL TORO, Secretary of the Navy, Department of the Navy, a governmental entity; and DOES 1 through 25, inclusive,<br><br>                            Defendants. | Case No.: 21-CV-1129 TWR (JLB)<br><br>**ORDER GRANTING DONALD R. HOLBEN & ASSOCIATES, APC'S RENEWED MOTION TO BE RELIEVED AS COUNSEL FOR PLAINTIFF IVAN MOSLEY**<br><br>(ECF No. 38) |

        The Court denied without prejudice Plaintiff's counsel's prior motion seeking to be relieved as counsel on the grounds that the motion was insufficiently supported and that allowing Plaintiff's counsel to withdraw before the Early Neutral Evaluation ("ENE") conference "might work an injustice of cause undue delay in the proceedings." (*See* ECF No. 31.) Presently before the Court is Donald R. Holben & Associates, APC's Renewed Motion to Be Relieved as Counsel for Plaintiff Ivan Mosley ("Renewed Mot.," ECF No. 38), which is noticed for a hearing on January 26, 2023, as well as the Notice of Non-Opposition by Defendant Carlos Del Toro, Secretary of the Navy. (*See* ECF No. 42 ("Non-Opp'n").) The Court determines that the Renewed Motion is appropriate for resolution on

1  the papers without further briefing and without oral argument pursuant to Civil Local Rule
2  7.1(d)(1).

3  As noted in the Renewed Motion, (*see* ECF No. 38-1 ("Mem.") at 3 (quoting *Beard v. Shuttermart of Cal., Inc.*, No. 07-CV-594-WQH (NLS), 2008 WL 410694, at *2 (S.D. Cal. Feb.13, 2008)), "[a]n attorney may not withdraw as counsel except by leave of court, and the decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." "In deciding whether to grant a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." (*Id.* (quoting *Beard*, 2008 WL 410694, at *2).

Here, the Court's prior reservations regarding Plaintiff's counsel's withdrawal have been mitigated. The ENE has concluded, (*see* ECF No. 34, 35), and the Renewed Motion specifies that withdrawal is being sought because Plaintiff began breaching his retainer agreement with his counsel beginning in December 2021. (*See* Mem. at 2; *see also* ECF No. 38-2 ("Holben Decl.") ¶ 4;) *Jaguar Land Rover Ltd. v. A-Z Wheels LLC*, No. 13-CV-878 BEN (JMA), 2013 WL 12094184, at *1 (S.D. Cal. Dec. 10, 2013) (noting that "even [a client]'s refusal to pay attorney's fees, by itself, is a sufficient basis for granting [counsel]' motion" to withdraw). Further, the Renewed Motion complies with this District's procedural requirements because it has been served on Plaintiff, (*see* ECF No. 43), as required by Civil Local Rule 83.3(f)(3).

Good cause appearing, the Court therefore **GRANTS** Plaintiff's counsel's Renewed Motion. Plaintiff's counsel **SHALL SERVE** Plaintiff with a copy of this Order within three (3) days of the electronic docketing of this Order, and the Clerk of the Court **SHALL TERMINATE** Donald R. Holben, Nicole Christine Baldwin, Paul H. Duvall, and Thomas George Routson as attorneys of record for Plaintiff and **SHALL UPDATE** the docket to reflect that Plaintiff is now proceeding *pro se*.

/ / /

The Court advises Plaintiff that, unless and until he retains new counsel, he is proceeding *pro se* in this matter. Accordingly, Plaintiff "must keep the Court and opposing parties advised as to [his] current address." *See* S.D. Cal. CivLR 83.11(b). Failure to do so may result in the dismissal without prejudice of this action for failure to prosecute. *See id.* Further, as Defendant notes, (*see* Non-Opp'n at 1–2), Plaintiff must comply with the dates set forth in the Court's December 2, 2022 Scheduling Order, (*see* ECF No. 36), as well as the Federal Rules of Civil Procedure and this District's Civil Local Rules. *See* S.D. Cal. CivLR 83.11(a). Plaintiff is cautioned that "[f]ailure . . . of any party[] to comply with th[is District's Civil Local R]ules, with the Federal Rules of Civil or Criminal Procedure, or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or rule or within the inherent power of the Court, including, without limitation, dismissal of any actions, entry of default, finding of contempt, imposition of monetary sanctions or attorneys' fees and costs, and other lesser sanctions." *See* S.D. Cal. CivLR 83.1(a).

**IT IS SO ORDERED.**

Dated: January 9, 2023

_____
Honorable Todd W. Robinson
United States District Judge