UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN MOSLEY,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>CARLOS DEL TORO, Secretary of the Navy, Department of the Navy,<br><br>　　　　　　　　　Defendant. | Case No.: 21-cv-01129-TWR-JLB<br><br>**ORDER GRANTING MOTION TO COMPEL PLAINTIFF'S DEPOSITION AND RELEASE OF RECORDS**<br><br>**[ECF No. 51]** |

Before the Court is a Motion to Compel Plaintiff's Deposition and Release of Records filed by Defendant Carlos Del Toro ("Defendant"). (ECF No. 51.) Defendant seeks an order compelling Plaintiff Ivan Mosley ("Plaintiff") to appear for a deposition at a date and time to be noticed by Defendant pursuant to Federal Rule of Civil Procedure 37(a)(3)(B)(i). (*Id.* at 2.) Defendant also seeks an order compelling Plaintiff to execute a release of records relating to his applications for Social Security disability and Supplemental Security Income ("SSI"). (*Id.*) Plaintiff did not file an opposition.[1]

---

[1] *See* CivLR 7.1(f)(3)(c) ("If an opposing party fails to file [an opposition] in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the Court.").

1

21-cv-01129-TWR-JLB

Defendant filed a reply. (ECF No. 57.) The Court held a hearing on the Motion to Compel on July 13, 2023. (ECF No. 58.) Plaintiff did not appear. For the reasons set forth below, Defendant's Motion to Compel is **GRANTED**.

## I.   BACKGROUND

Plaintiff commenced this action on June 17, 2021. (ECF No. 1.) On October 3, 2022, plaintiff filed a Second Amended Complaint,[2] the operative complaint, alleging harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964. (ECF No. 26.) Plaintiff, an African American man, alleges that Defendant and his employees discriminated against him and harassed him because of his race while he was employed as a civilian cook/chef at the Navy facility known as the Admiral Kidd Club ("AKC"). (*Id.* ¶¶ 2, 15.) Defendant further alleges that Defendant's management retaliated against him for having complained about such discrimination. (*Id.* ¶ 2.) Plaintiff was employed by the AKC from June 2, 2011, until he was terminated on August 20, 2017. (*Id.* ¶¶ 16, 23–25.) Plaintiff seeks general damages, compensatory damages, and special damages, "including but not limited to back pay, front pay, moving expenses, and other related costs," as well as attorney's fees, costs, and interest. (*Id.* ¶¶ 40–44.)

## II.  LEGAL STANDARD

### A.   Motion to Compel

Federal Rule of Civil Procedure 26 authorizes parties to obtain discovery regarding any nonprivileged matter that is relevant to any claim or defense and proportional to the needs of the case, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P.

---

[2]   Although captioned "First Amended Complaint," the complaint filed on October 3, 2022, is Plaintiff's Second Amended Complaint. He previously filed a First Amended Complaint on February 25, 2022. (*See* ECF No. 14.)

26(b)(1). District courts have broad discretion to determine relevancy for discovery purposes. *See Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (citing *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)).

Federal Rule of Civil Procedure 30 authorizes a party to depose "any person, including a party, without leave of court" by oral questions by giving "reasonable written notice to every other party." Fed. R. Civ. P. 30(a)(1), (b)(1).

Federal Rule of Civil Procedure 37 enables the propounding party to bring a motion to compel an answer, designation, production, or inspection. Fed. R. Civ. P. 37(a)(3)(B). The party seeking to compel discovery has the burden of establishing that its request satisfies the requirements of Rule 26(b). *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995). "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *DIRECTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002).

### B. *Pro Se* Litigants

"In general, *pro se* representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure." *Hupp v. San Diego Cnty.*, No. 12-cv-00492 GPC (RBB), 2014 WL 1404510, at *2 (S.D. Cal. Apr. 10, 2014) (quoting *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996)). Accordingly, parties who represent themselves are expected to follow the rules of the court in which they litigate. *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007) (quoting *Carter v. Comm'r*, 784 F.2d 1006, 1008 (9th Cir. 1986)). "[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Dewidar v. Nat'l R.R. Passenger Corp.*, No. 17-cv-00062-CAB (RBB), 2018 WL 280023, at *3 (S.D. Cal. Jan. 3, 2018) (quoting *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991)).

///

///

## III.  DISCUSSION

### A.  Deposition of Plaintiff

#### 1.  Background

On May 17, 2023, Defendant noticed Plaintiff's deposition by oral examination for June 1, 2023, at 9:00 a.m. at the U.S. Attorney's Office in downtown San Diego.  (ECF No. 51 at 4; Declaration of Mary Cile Glover-Rogers ("Glover-Rogers Decl."), ¶ 2, Ex. 1.) After sending the notice of deposition, defense counsel had several communications with Plaintiff regarding his deposition.  (ECF No. 51 at 4; Glover-Rogers Decl. ¶¶ 4–8.)  On the morning of the scheduled deposition day, Plaintiff requested to reschedule the deposition, but ultimately agreed to appear "solely for purposes of stating his objections on the record." (ECF No. 51 at 5; Glover-Rogers Decl. ¶¶ 9–11.)

On June 1, 2023, Plaintiff appeared for his deposition over two hours late, but "objected to participating in the deposition on the grounds that he was not prepared and did not have counsel."[3]  (ECF No. 51 at 5; Glover-Rogers Decl. ¶¶ 12–13.)  He stated, "I have nothing to say until I have an attorney here."  (Glover-Rogers Decl. ¶ 12, Ex. 3 at 3.) Plaintiff also expressed that he was awaiting surgery and was in pain.  (*Id*. at 3–4.)   He also stated: "I don't want to hear what you have to say.  I just want it said on record that I'm not prepared, and that's it.  And then I would like to exit."  (*Id*. at 3.)

Plaintiff informed defense counsel that he would later call to confirm a new deposition date after checking his calendar.  (ECF No. 51 at 5.)  Defense counsel followed up with Plaintiff by telephone, mail, and email to reschedule the deposition.  (ECF No. 51 at 5–6; Glover-Rogers Decl. ¶¶ 13–14.)  On June 2, 2023, defense counsel called the Court regarding a discovery dispute over Plaintiff's deposition.  (ECF No. 51 at 6; Glover-Rogers

---

[3]  Plaintiff was previously represented by counsel in this case.  However, his counsel moved to withdraw, and that request was granted on January 9, 2023. (ECF No. 45.) Since that time, Plaintiff has been proceeding *pro se*.

Decl. ¶ 15; *see also* ECF No. 48.)[4]  Since June 1, 2023, Plaintiff has not responded to communications from defense counsel regarding rescheduling Plaintiff's deposition. (ECF No. 51 at 6; Glover-Rogers Decl. ¶ 16; *see also* ECF No. 57.)

2. <u>Legal Standard</u>

Federal Rule of Civil Procedure 30 authorizes a party to depose "any person, including a party, without leave of court" by oral questions by giving "reasonable written notice to every other party." Fed. R. Civ. P. 30(a)(1), (b)(1).  There is no fixed rule as to what constitutes reasonable written notice because "the analysis is necessarily case-specific and fact intensive." *Lucas v. Breg, Inc.*, No. 3:15-cv-00258-BAS-NLS, 2015 WL 8328696, at *2 (S.D. Cal. Dec. 8, 2015) (quoting *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 327 (N.D. Ill. 2005)).  "Courts have found approximately ten days' notice generally is considered reasonable notice, although the particular circumstances of a case may shorten or lengthen the amount of notice that is considered reasonable." *Id.*; *see also Thompson v. CoreLogic Rental Prop. Sols., LLC*, No. 21-cv-1716-GPC(WVG), 2022 WL 16753141, at *3 (S.D. Cal. Oct. 13, 2022) ("Courts construe 'reasonable notice' to be five days, if the deposition notice does not require production of documents at the deposition."); *Marchiona v. United States*, No. 8:21-cv-01476-JLS (JDEx), 2022 WL 19076661, at *3 (C.D. Cal. Dec. 9, 2022) (noting that when no documents are demanded, for individual deponents, periods of fourteen days, ten days and eight days have been found to be reasonable).

If a party objects to any aspect of the deposition, the objection must be noted on the record, but the examination still proceeds.  Fed. R. Civ. P. 30(c)(2).  "[T]he testimony is taken subject to any objection." *Id.*  "At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith

---

[4]  The Court set a telephonic Discovery Conference for June 12, 2023, at 11:00 a.m. to discuss the dispute regarding Plaintiff's deposition.  (ECF No. 48.)  However, Plaintiff appeared late to the Discovery Conference and then disconnected before Judge Burkhardt could join.  (ECF No. 49.)  The Court issued an Order to Show Cause regarding Plaintiff's non-appearance at the Discovery Conference.  (ECF No. 50.)

or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." Fed. R. Civ. P. 30(d)(3)(A). "If the objecting deponent or party so demands, the deposition must be suspended for the time necessary to obtain an order." *Id.*

Unless the objecting party has filed a motion for protective order under Federal Rule of Civil Procedure 26(c), any failure to appear is "not excused on the ground that the discovery sought was objectionable." Fed. R. Civ. P. 37(d)(2); *see also Elizondo v. SeaWorld Parks & Ent., Inc.*, No. 20-cv-00829-GPC-BGS, 2021 WL 1923287, at *7 (S.D. Cal. May 13, 2021) ("In order to cancel or stay a properly-noticed deposition, the opposing party must obtain a protective order before the deposition date in order to relieve the deponent or her counsel of the duty to appear [at] the properly noticed deposition.").

Federal Rule of Civil Procedure 37 provides that "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). A party seeking discovery may move for an order compelling an answer if "a deponent fails to answer a question asked under Rule 30." Fed. R. Civ. P. 37(a)(3)(B)(i). For purposes of a motion to compel, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

A court may, on motion, order sanctions if a party fails, after being served with proper notice, to appear for that person's deposition. Fed. R. Civ. P. 37(d)(1)(A)(i). Sanctions may also be awarded if a party "impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2).

3.   Analysis

Here, Defendant gave Plaintiff reasonable written notice of his deposition by oral examination. On May 17, 2023, Defendant mailed Plaintiff written notice of his deposition. (Glover Rogers Decl. ¶ 3.) Although Plaintiff did not receive a copy of the notice by mail until May 27, 2023 (*id.* ¶ 6, Ex. 2), Defendant emailed Plaintiff a copy of the mailed notice on May 25, 2023, and also had a conversation with Plaintiff about the

scheduling of the deposition (*id.* ¶¶ 4–8). Therefore, Plaintiff had actual notice of the deposition at least seven days before the deposition date.

Despite expressing some reservations about his availability, Plaintiff did not cancel or reschedule his deposition before the noticed date of June 1, 2023. Defendant gave Plaintiff multiple opportunities to reschedule the deposition, but Plaintiff chose to show up and refuse to answer questions on the grounds that he was not ready and did not have an attorney. "[A] party who merely appears for a deposition that does not take place has not 'been deposed' since he has not been examined by oral questions." *Paige v. Consumer Programs, Inc.*, 248 F.R.D. 272, 275 (C.D. Cal. 2008); *see also* Fed. R. Civ. P. 30(a)(2)(A)(ii). Therefore, the Court finds that Plaintiff has not been deposed in this matter.[5]

Plaintiff's failure to appear and answer questions at his deposition was not excused on the ground that the discovery sought was objectionable, because he did not have a pending motion for protective order under Rule 26(c)[6] at the time of the scheduled deposition. *See* Fed. R. Civ. P. 37(d)(2); *Paige*, 248 F.R.D. at 275. Moreover, to the extent Plaintiff believed he suspended the deposition "on the ground that it [was] being conducted in bad faith or in a manner that unreasonably annoy[ed], embarrasse[d], or oppresses[d]" him, he has since failed to seek a protective order under Rule 26(c) forbidding or limiting his deposition. *See* Fed. R. Civ. P. 30(d)(3)(A).

---

[5] Even if the Court were to find that Plaintiff has already been deposed in this case, such a finding would not preclude the Court from granting Defendant additional time consistent with Rule 26(b)(2) "to fairly examine" Plaintiff. *See* Fed. R. Civ. P. 30(d)(1).

[6] Under Rule 26(c), a party may move for a protective order forbidding or limiting the scope of discovery, on a showing of good cause, to protect that party "from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). However, "courts rarely disallow the taking of a deposition absent extraordinary circumstances." *Ashley v. Moore*, No. CV 22-4909-DMG (KSX), 2023 WL 4205807, at *5 (C.D. Cal. May 10, 2023) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) ("a strong showing is required before a party will be denied entirely the right to take a deposition")).

Defendant is entitled to depose Plaintiff absent a protective order stating otherwise and such deposition has not taken place. The fact that Plaintiff is proceeding in this matter without counsel is not a factor. All *pro se* parties in this District "must proceed with diligence to take all steps necessary to bring an action to readiness for trial." CivLR 16.1(b); *see also Carter*, 784 F.2d at 1008. As the Honorable Todd W. Robinson warned Plaintiff when he granted the motion to withdraw filed by Plaintiff's former counsel,

> Plaintiff must comply with the dates set forth in the Court's December 2, 2022 Scheduling Order, (*see* ECF No. 36), as well as the Federal Rules of Civil Procedure and this District's Civil Local Rules. *See* S.D. Cal. CivLR 83.11(a). Plaintiff is cautioned that "[f]ailure . . . of any party[] to comply with th[is District's Civil Local R]ules, with the Federal Rules of Civil or Criminal Procedure, or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or rule or within the inherent power of the Court, including, without limitation, dismissal of any actions, entry of default, finding of contempt, imposition of monetary sanctions or attorneys' fees and costs, and other lesser sanctions.

(ECF No. 45 at 3.)

Courts in this District routinely grant motions to compel the deposition of a *pro se* Plaintiff. *See, e.g.*, *Bailey v. Hollister*, No. 07-cv-01143 JM (NLS), 2008 WL 3851959, at *2 (S.D. Cal. Aug. 15, 2008) (granting motion to compel the deposition of a *pro se* plaintiff where his refusal to answer questions at his deposition was not justified); *Dewidar*, 2018 WL 280023, at *4 (granting motion to compel the deposition of a *pro se* plaintiff where the party had not been deposed, she had no basis for refusing to be deposed, and she had not obtained a protective order).

Accordingly, the Court **GRANTS** Defendant's motion to compel Plaintiff's deposition.

///
///
///
///

### B. Release of Records

Defendant seeks an order compelling Plaintiff to execute a release of records relating to his applications for Social Security disability benefits and SSI. (ECF No. 51 at 2.) Defendant has learned that Plaintiff is receiving Social Security disability benefits, but the nature of his disability is unknown. (ECF No. 51 at 6; Glover-Rogers Decl. ¶ 17.) Defendant argues it is "presently unclear whether such disability impacts Plaintiff's ability to work, which may impact his claim for lost wages." (ECF No. 51 at 6; Glover-Rogers Decl. ¶ 17.) In his Second Amended Complaint, Plaintiff alleges that as a direct and proximate result of Defendant's discrimination and retaliation, he "has suffered and will continue to suffer pain, humiliation, and emotional distress," and "has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities." (ECF No. 26 ¶ 38.) In his Prayer for Relief, he seeks general damages, compensatory damages, and special damages, "including but not limited to back pay, front pay, moving expenses, and other related costs." (*Id.* ¶¶ 40, 43.)

On June 5, 2023, Defendant asked Plaintiff to sign a release for records relating to his applications for Social Security disability benefits and SSI. (ECF No. 51 at 6; Glover-Rogers Decl. ¶ 17.)[7] The release authorizes the Social Security Administration to provide the following information to Defendant: (1) current monthly Social Security benefit amount; (2) current monthly SSI payment amount; (3) Social Security benefit amounts from January 1, 2020 to the present;[8] (4) SSI payment amounts from January 1, 2020 to the present; (5) Medicare entitlement from January 1, 2020 to the present; (6) complete

---

[7] During the hearing on the Motion to Compel, Defendant represented that he would be serving a subpoena along with the release for records on the Social Security Administration. Defendant also provided the Court with a copy of the release at issue, which was docketed at ECF No. 59.

[8] During the hearing on the Motion to Compel, Defendant represented that he understands Plaintiff has been receiving disability benefits from the Social Security Administration from approximately January 2020 to the present.

medical records; and (7) any and all award/denial notices, benefit applications, and appeals for Retirement, Survivors, and Disability Insurance and SSI from November 2017[9] to the present. (ECF No. 59.) Defendant followed up with Plaintiff on June 9, 2023. (ECF No. 51 at 6; Glover-Rogers Decl. ¶ 18.) To date, Defendant has received no response. (ECF No. 51 at 6; Glover-Rogers Decl. ¶ 18.) Defendant argues that the requested information is "highly relevant and would lead to the discovery of admissible evidence." (ECF No. 51 at 10.) Defendant further argues that Plaintiff has an obligation to respond to a reasonable request for information and should be compelled to release such information. (*Id.*)

District courts in the Ninth Circuit routinely order a party to execute a release for Social Security records on a showing of relevance. *See, e.g.*, *Evans v. Affiliated Computer Servs., Inc.*, No. CV 13-7407-JFW (AGRx), 2014 WL 12600831, at *4 (C.D. Cal. May 9, 2014) (granting the defendants' motion to compel applications for social security benefits as they are "entitled to discover whether any application for disability benefits, medical records or decision is inconsistent with [the plaintiff's] claims in th[e] case" and ordering the defendants to prepare authorization forms); *Barsamian v. City of Kingsburg*, No. 1:07-cv-00316 OWW GSA, 2008 WL 2168996, at *4 (E.D. Cal. May 22, 2008) (granting the defendants' motion for discovery of the plaintiff's social security records as they are "relevant to her physical and/or mental conditions" and ordering the plaintiff to sign a written consent form for release of the records); *Putterman v. Supreme Chain Logistics, Ltd.*, No. C18-376RSM, 2018 WL 6179325, at *3 (W.D. Wash. Nov. 27, 2018) (ordering the plaintiff to produce all social security records or provide an executed release where the plaintiff put the records at issue by claiming extensive physical and mental injuries from a vehicular accident and making a social security disability claim close to the date of the accident).

---

[9] Although Plaintiff alleges in his Second Amended Complaint that he was terminated from employment by Defendant on August 20, 2017 (ECF No. 26 ¶ 25), Defendant claims that Plaintiff was terminated in November 2017 (ECF No. 51 at 3).

The Court finds that Defendant has established that Plaintiff's Social Security records are relevant to Plaintiff's claim for damages as they have bearing on his physical or mental condition and any financial harm resulting from his claims. Plaintiff has not opposed the motion. Accordingly, the Court **GRANTS** Defendant's motion for release of records.

## IV.   CONCLUSION

For the foregoing reasons, Defendant's Motion to Compel Plaintiff's Deposition and Release of Records is **GRANTED**. Accordingly, the Court **ORDERS** as follows:

1. Within seven (7) days of the date of this Order, Plaintiff shall provide Defendant with at least five available business days before August 25, 2023,[10] when Plaintiff's deposition may be scheduled to convene from 9:00 AM to 5:00 PM;

2. Plaintiff shall appear for a deposition at the date and time noticed by Defendant in writing on one of Plaintiff's available days;

3. Within seven (7) days of the date of this Order, Plaintiff shall execute the Social Security release for records provided by Defendant and return it to Defendant; and

4. All documents received from the Social Security Administration by Defendant shall be treated as "CONFIDENTIAL" and subject to the Protective Order (ECF No. 40) in this case.

**IT IS SO ORDERED.**

Dated: July 18, 2023

Hon. Jill L. Burkhardt
United States Magistrate Judge

---

[10]   The deposition shall be completed before the current fact discovery deadline of August 25, 2023, absent good cause shown in a motion filed before the Court. (*See* ECF No. 55 ¶ 1.)